IN THE DISTRICT COURT OF CUSTER COUNTY
STATE OF OKLAHOMA

FILED
DISTRICT COURT
Custer County, Okla.

AUG 25 2025

STACI HUNTER
*COURT CLERK*

| | |
|---|---|
| **CLINTON HOSPITAL AUTHORITY**, an Oklahoma Public Trust, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CJ-2025-95 ) |
| **3ʳᴰ AVENUE WEST, LLC**, a Texas Limited Liability Company, | ) ) ) ) |
| Defendants. | ) |

## PETITION

Comes now Plaintiff, Clinton Hospital Authority, an Oklahoma Public Trust (the "Authority"), and for its claims and causes of action against Defendant 3rd Avenue West, LLC, alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Authority is an Oklahoma Public Trust established pursuant to the Oklahoma Public Trust Act, 60 O.S. sections 176-180.4. The Authority owns the acute care hospital known as the Clinton Regional Hospital (the "Hospital").

2. Defendant is a Texas limited liability company.

3. Venue is appropriate in this Court and the Court has jurisdiction.

4. The Authority and the Hospital are located in Custer County, Oklahoma, and all relevant acts occurred in Custer County.

5. Defendant's acts and failures to act occurred in Custer County, Oklahoma and Defendant conducted business in Custer County.

6. The parties' contractual relationship was intended to be and was in fact carried out in Custer County, Oklahoma.

65194779_1

## FACTUAL BACKGROUND

7. The parties entered into a Management Services Agreement as of March 15, 2025 (the "MSA"). The MSA was signed by the parties on April 16, 2025 and April 15, 2025, respectively.

8. Under the MSA, Defendant was to provide services for third-party management and operation of the Hospital.

9. Those services included, but were not limited to, establishing and maintaining an excellent public image of the Hospital, establishing and maintaining quality staffing of the Hospital, operating the Hospital on a sound financial basis, maintaining a sound financial accounting system for the Hospital, maintaining internal fiscal controls through budgeting procedures in the Hospital, enhancing revenues for the Hospital through sound billing procedures, controlling the cash position of the Hospital through sound collection methods, and enhancing Hospital growth through measuring and monitoring net patient revenue and adjusted equivalent admissions.

10. Pursuant to section 5.2 of the MSA, Defendant was required at its sole expense to employ a qualified person with significant hospital management experience who would provide expertise and guidance to the Hospital's existing Chief Executive Officer. No such individual was provided.

## CLAIM FOR RELIEF

## BREACH OF CONTRACT

11. The Authority re-alleges paragraphs 1-10, above, and further alleges as follows:

12. Defendant breached its obligations under the MSA in multiple ways, including but not limited to:

    a. Failed to establish and maintain quality staffing of the Hospital. Defendant has not, at its sole expense, employed a qualified person with significant Hospital CEO management experience who has provided expertise and guidance to the existing CEO of the Hospital. Defendant has failed to hire competent people to manage and operate the Hospital's revenue cycle management system. As a result, billings and collections of revenue have suffered greatly.
    b. Failed to operate the Hospital on a sound financial basis.
    c. Failed to maintain a sound financial accounting system for the Hospital.
    d. Failed to maintain internal fiscal controls through budgeting procedures.
    e. Failed to enhance revenues through sound billing procedures.
    f. Failed to control the cash position of the Hospital through sound collection methods. The financial state of the Hospital has not improved since Defendant assumed the management of the Hospital. Instead, it has deteriorated. Defendant was tasked with improving the financial condition

of the Hospital and it has not done so. Defendant has not properly billed and filed claims and has not properly pursued collections of accounts receivable. In short, Defendant's revenue cycle management efforts have fallen woefully short.

g. Failed to enhance the growth of the Hospital through measuring and monitoring net patient revenue and adjusted equivalent admissions.

WHEREFORE the Authority requests the Court enter judgment on its behalf against Defendant in an amount exceeding $75,000, that the Authority recover its full measure of damages, plus attorneys' fees, costs and interest, plus any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ M. Richard Mullins*
M. Richard Mullins, OBA # 13329
MCAFEE & TAFT
A PROFESSIONAL CORPORATION,
8th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7101
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
richard.mullins@mcafeetaft.com
*ATTORNEY FOR PLAINTIFF CLINTON HOSPITAL AUTHORITY*